# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**GLENN DORSEY,**
**LORD THY GOD,**

    **Plaintiff,**

vs.                                                                 Case No. 4:22-CV-00431-WS-MAF

**PARIS MOORE,**
**GEICO INSURANCE, CO.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

This Cause comes before the Court upon *sua sponte* review of the record. Plaintiff, Glenn Dorsey, a non-prisoner proceeding *pro se* but not in *forma pauperis* (IFP), filed a complaint form used to initiate a civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 1. The Court reviewed Plaintiff's complaint and construed his claims liberally. Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). The complaint was legally insufficient; so, the Court ordered Plaintiff to amend by February 3, 2023. ECF No. 4. Also, the Court denied Plaintiff's IFP motion; but he paid the filing fee. ECF Nos. 2, 4, 5.

As of the date of the drafting of this Report, Plaintiff has failed to comply with court orders. For the reasons stated, the complaint should be dismissed

because it is an impermissible shotgun pleading, for failure to state a claim, and because Plaintiff failed to comply with court orders.

I. **Plaintiff's Complaint, ECF No. 1.**

First, Plaintiff styled his case as "Glenn Dorsey, Lord Thy God, v. Paris Moore, Geico Ins[.] Co." ECF No. 1, p. 1. In Section I where he is required to name the parties to this action, he lists himself as "Glenn Dorsey" (omitting "Lord Thy God") and left the defendant questions blank except for checking a box that an unnamed defendant is sued in individual capacity. ECF No. 1, pp. 1-3. Plaintiff also signed his name as "Glenn Dorsey," omitting "Lord Thy God." Id., p. 12. Plaintiff included another cover page for the complaint styled "Glenn Dorsey, Lord They [sic] God 2775 Catherine Dr. Tallahassee, Fla 32510 v. Paris Moore, Claim Department." Id., p. 15. He listed as a second plaintiff "Paris Moore." Id., p. 17. Plaintiff included documents from GEICO and photographic exhibits. Id., pp. 18-28.

Plaintiff's complaint is no model of clarity. Rather than using numbered paragraphs, Plaintiff provides a rambling narrative that alleges fraud by GEICO Insurance Company because it failed to honor a claim he filed on October 31, 2020. Id., p. 5. Plaintiff alleges he had damage to his shock absorbers, transmission, motor mount, accelerator, tires, computer and electrical systems, carpeting, and a telephone. Id., pp. 5, 7. There is no set

of facts describing when or how Plaintiff's car was damaged. Plaintiff is seeking $5,000,000 in damages for mental anguish which he attributes to the denial or stalling of his insurance claim. Id., pp. 5, 7. He generally alleges he suffered blackouts, lost earnings, and permanent injuries but describes no factual scenario to support those allegations. He then asks for $20,000,000 in damages. Id., p. 6. According to Plaintiff, GEICO required a copy of the car title and bill of sale to process the claim, but those never had to be provided before in any of the "72 to 114 claims" Plaintiff handles for GEICO each month. Id.

Plaintiff argues the value of his Mercedes is $268,000 and needs a rebuilt motor, but Japanese or Mexican parts cannot be used. Id., p. 6. He believes it will cost $98,000 to repair the Mercedes. Id., p. 7. Other than the denial of the insurance claim, which he insists equates to fraud, Plaintiff provides no set of facts attributable to Paris Moore, who is named in the style of the case but not as a defendant.

Plaintiff was advised of certain deficiencies in his complaint and ordered to amend but he ignored the Court's order.

## II. Plaintiff's Complaint Does Not Comport with the Local Rules or the Federal Rules of Civil Procedure.

First, Plaintiff does not properly name a defendant in this case. The defendant section of the form is blank. The first pages of the complaint form

Case No. 4:22-CV-00431-WS-MAF

are styled with Paris Moore and Geico Insurance Company as defendants in the case. ECF No. 1, p. 1. The alternative styling names "Paris Moore, Claim Department" as the Defendant. Id., p. 15. This case cannot proceed without a properly named defendant.

Second, Plaintiff names two people as plaintiffs in the case – himself and Paris Moore. Id., p. 17. There is no indication that Plaintiff has any authority to proceed on behalf of Paris Moore. It is well settled that a non-attorney cannot represent the interests of another individual in litigation. Guardo v. Luna, 432 F.2d 1324 (5th Cir. 1970) ("There is no constitutional guarantee that non-attorneys may represent other people in litigation."). See also 28 U.S.C.A. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.") The personal right established under § 1654 "does not extend to the representation of the interests of others." Timson v. Sampson, 518 F.3d 870, 873 (11th Cir. 2008). The Court advised Plaintiff of these and other deficiencies in the complaint as set forth below.

## III. Shotgun Pleadings are Not Permissible

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." LaCroix v. W. Dist. of Ky., 627 F. App'x 816, 818 (11th Cir. 2015).

Here, the complaint is largely a rambling narrative and does not contain numbered paragraphs as directed by Rule 10(b). "A 'shotgun pleading' - one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief'—does not comply with the standards of Rules 8(a) and 10(b)." Id. (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." Id. (citing PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common

type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323.

"Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

Plaintiff's narrative of a denied insurance claim, without more, is insufficient to state a claim for the intentional tort of fraud. Plaintiff also fails to raise a constitutional question although he filed his complaint on the form used to initiate a civil rights action. He presents no federal question.

Furthermore, Plaintiff cannot simply "plead the bare elements of [a] cause of action" but must provide facts which present a "plausible claim for

relief" to survive a motion to dismiss. See Randall v. Scott, 610 F.3d 701-708-09 (11th Cir. 2010) (concluding there is no "heightened pleading standard" under Rule 8, including civil rights complaints) (citing Ashcroft v. Iqbal, 556 U.S. 662, 687 (2009)). Plaintiff must allege the facts which support the claim raised against each defendant. There is no set of facts attributable to any defendant named. Legal conclusions are insufficient.

## IV. GEICO Insurance Company is Not a State Actor

Even if Plaintiff were provided an additional opportunity to amend, it is likely futile. To the extent Plaintiff is suing Geico Insurance Company or one of its employees for constitutional violations, GEICO is not a state actor under Section 1983. To succeed, the plaintiff must "prove that a person acting under color of state law committed an act that deprived him of some right, privilege, or immunity protected by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995) (citing 42 U.S.C. § 1983); Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Plaintiff's factual account is scant and does not demonstrate that GEICO's conduct, actions, or inactions are somehow attributable to the state or that it was acting under color of state law. Additionally, Plaintiff does not allege GEICO's conduct, action, or inaction violated any of his constitutional rights or any federal statutes.

If Plaintiff is suing a defendant under a different legal theory, he should have state the legal theory or relevant statute under which he believes he has a claim. It is true that "federal courts are obligated to look beyond the label of a pro se [litigant's] motion to determine if it is cognizable under a different statutory framework." United States v. Stossel, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003). However, the courts will not rewrite a complaint or otherwise "act as de facto counsel for a pro se litigant." GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998). Individual litigants have a right to represent themselves and to proceed *pro se*, but the responsibility for representation lies with them alone.

## V. Failure to Comply with Court Orders

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Plaintiff was ordered to amend and failed to do so. Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied

under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999).

## VI. Conclusion and Recommendation

It is respectfully **RECOMMENDED** that the complaint, ECF No. 1, be **DISMISSED WITHOUT PREJUDICE** because the filing is an impermissible shotgun pleading or otherwise fails to state a claim and for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b).

IN CHAMBERS at Tallahassee, Florida, on February 13, 2023.

<u>s/ Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**